DISSENTING OPINION BY
FITZGERALD, J.:
I respectfully dissent. While Appellant argues the trial court erred in focusing solely on decertification factors, his Pa. R.A.P. 2119(f) statement also avers the court abused its discretion in failing to consider properly mitigating factors due to his status as a juvenile. In Commonwealth v. Batts, 620. Pa. 115, 66 A.3d 286 (2013), our Supreme Court discussed Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in pertinent part:
The majority [in Miller found] individualized consideration of mitigating circumstances — particularly youth — was constitutionally required before the imposition of ... the harshest sentence possible for a juvenile. [T]he mandatory nature of the life-without-parole sentences at issue precluded the sentencing court from considering important factors, such as chronological age, level of maturity, family and home environment, the circumstances of the offense, the extent of the juvenile’s participation in the unlawful conduct, the impact of familial and peer pressures, the juvenile’s ability to negotiate with police or prosecutors, and the possibility of rehabilitation....
However, the Supreme Court did not entirely foreclose the imposition of a life-without-parole sentence on a juvenile offender; rather, the majority stated that the occasion for such a punishment would be “uncommon,” and, in any event, must first “take into account how children are different, and how. those differences counsel against irrevocably sentencing them to a lifetime in prison.”
Batts, 620 Pa. at 123, 66 A.3d at 290-91 (emphases added) (citations omitted).
At resentencing, defense counsel vigorously argued for the possibility of parole, to permit a future parole board to examine how Appellant’s “life has progressed.” N.T., 9/20/13, at 6-7. Counsel reasoned that Appellant may not ever be paroled, but that “to close that door on him [now] is against what the [Constitution stands for based on” Miller. Id. at 7.
*851 The majority cogently summarizes the trial court’s findings with respect to each of the Miller factors. Howevér, I depart from its analysis with respect to the finding as to whether Appellant may be amenable to rehabilitation. In its opinion, the trial court summarized Appellant’s past contacts with the juvenile system and concluded Appellant “possesses a limited, if any, capacity for change.” Trial Ct. Op., 11/27/13, at 5 (emphasis added). Although this statement must be considered in context of the trial court’s lengthy discussion, I believe its equivocality does not support an irrevocable sentence that prohibits a parole board from ever reviewing Appellant’s case. I emphasize Milieu9s caution that life imprisonment without parole is “the harshest sentence possible for a juvenile” and should be an “uncommon” punishment. Batts, 620 Pa. at 123, 66 A.3d at 290-91. Accordingly, I would remand for the trial court to reconsider the possibility of Appellant’s rehabilitation. See id.